IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RICHARD DENVER HINMAN, <br><br> Plaintiff, <br><br> vs. <br><br> MIKE COTTER, <br><br> Defendant. | CV 15-0057-BLG-SPW-CSO <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Richard Hinman's Motion to Proceed in Forma Pauperis (*ECF 3*), a document construed as a proposed Complaint filed pursuant to 42 U.S.C. § 1983 (*ECF 1*), and a document construed as a motion for appointment of counsel (*ECF 4*).

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

Hinman filed a Motion to Proceed in Forma Pauperis and an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). *ECF 3*. The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Hinman must pay the statutory $350.00 filing fee. Hinman submitted an account statement indicating he has insufficient funds to pay an

1

initial partial filing fee. This fee will be waived but Hinman must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Hinman to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Hinman is a state prisoner proceeding without counsel. On the first page of what has been construed as Hinman's Complaint, he states, "Notice of Service: Mike Cotter . . ." *Complaint (ECF 1) at 1.* Mike Cotter is listed as the only defendant on the Court's docket. However, Hinman has also made allegations against the Sixth Judicial Court, Judge Byron L. Robb, and his attorney, William Frazier. *Complaint (ECF 1); Motion for Counsel (ECF 4).*

### B. Allegations

Hinman alleges the Montana Sixth Judicial Court violated his due

2

process rights to a fair trial because Judge Byron Robb did not recuse himself from Hinman's criminal proceedings. He therefore alleges that his 1994 criminal conviction cannot stand and he is in prison illegally. He also claims that his attorney, William Frazier, should be held liable. *Complaint (ECF 1).*

## III. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

As Hinman is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon

3

which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

On March 4, 2015, Hinman filed a prior civil rights case against the State of Montana and the Montana Attorney General arguing that his due process rights were violated because Judge Robb, the presiding judge in Hinman's 1994 criminal case, had also handled Hinman's divorce. *See Hinman v. State of Montana, Civil Action No. 1:15cv00013-BLG-SPW, Complaint (ECF 1)*. That case was dismissed on April 14, 2015 on the grounds that Hinman's claims were barred by the applicable statute of limitations and by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Although Hinman has named different Defendants in this case, his claims are the same and he is still attempting to challenge a 20-year old criminal conviction. Therefore, for the reasons set forth in the Order dismissing Hinman's prior civil rights case (*Civil Action No. 1:15cv13-BLG-SPW, ECF 9*), Hinman's claims should be dismissed because they are barred by the applicable statute of limitations and by the *Heck* doctrine. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (statute of limitations for section 1983 claims is the state statute of limitations for

5

personal-injury torts); Mont. Code Ann. § 27-2-204(1)(Montana statute of limitations for personal-injury torts is three years); *Heck*, 512 U.S. 477.

## IV. CONCLUSION

Hinman's claims are barred by the applicable statute of limitations and the *Heck* doctrine. These are not defects that could be cured by amendment. Accordingly, the Complaint should be dismissed.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199 (2007).

### B. Address Changes

At all times during the pendency of this action, Hinman must immediately advise the Court of any change of address and its effective

6

date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Accordingly, the Court issues the following:

**ORDER**

1. Hinman's Motion for Leave to Proceed in forma pauperis (*ECF 3*) is granted. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on June 24, 2015.

3. In light of the recommendation that this matter be dismissed, Hinman's Motion for the Appointment of Counsel (*ECF 4*) is DENIED.

Further the Court issues the following:

**RECOMMENDATIONS**

1. Hinman's Complaint (*ECF 2*) should be dismissed with prejudice.

2. The Clerk of Court should be directed to close this matter and

enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Hinman's failure to file within the applicable statute of limitations.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Hinman may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of July, 2015.

                                           */s/ Carolyn S. Ostby*
                                           United States Magistrate Judge