UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION



RICHARD DENVER HINMAN,

Plaintiff,

vs.

MIKE COTTER,

Defendants.

CV-15-57-BLG-SPW

ORDER AND OPINION

Plaintiff Richard Denver Hinman filed a Complaint alleging due process violations by Montana Sixth Judicial District Court Judge Byron Robb and his attorney, William Frazier. (Doc. 1). United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations in this matter on July 17, 2015, recommending this Court dismiss Hinman's Complaint with prejudice. (Doc. 5). Hinman timely filed his objections. (Doc. 7). He is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1).

1

I. **Discussion**

Hinman's objection reiterates the basic allegation made in his petition: that is, Judge Byron failed to recuse himself from Hinman's case after previously presiding over Hinman's 1990 divorce. (*Id.*) Judge Ostby correctly pointed out that Hinman previously filed a civil rights case against the State of Montana and the Montana Attorney General wherein he made the same allegations. (Doc. 5 at 5). This Court dismissed that case on statute of limitation grounds. (*Id.*) Because Hinman's allegations in this case are the same as those in his prior case, his claims remain barred by the applicable statute of limitations. (*Id.* citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Heck v. Humphrey*, 512 U.S. 477 (1994); and Mont. Code Ann. § 27-2-204(1)).

II. **Conclusion**

The Court finds no clear error. For the reasons given in the Findings and Recommendation, Hinman's Complaint is DISMISSED.

IT IS ORDERED that this matter is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court is further directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Hinman's

2

failure to file within the applicable statute of limitations.

The Clerk of Court is also directed to have the docket reflect that this Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith because the record plainly demonstrates the Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 3rd day of August, 2015.

/s/ Susan P. Watters
Honorable Susan P. Watters,
United States District Judge